Mr. Swayzecki, can you hear me? Yes, I can. And Mr. Jorgensen, can you hear me okay? Yes, I can. Very good. Your Honor, counsel is ready. Thank you. You may proceed with your argument. Thank you, Your Honor. Good afternoon, and this may be very good news, this being the last case on the docket. I don't think I will need my full 10 minutes to make my argument in this case, and I thank the court for honoring our request for oral argument, as I'm appointed counsel in this matter, and the plaintiff very much wanted the court to hear oral argument in this matter. Before I get started into the details of the case, I do want to discuss with the court the fact that all the briefing in this court, in this case, was done prior to the beginning of February 2020, and the issue in this case revolves around the state of the proceeding based upon the cost incurred by the defendant in driving down to Texas to take the deposition of the plaintiff. Again, why I'm stating that now is in light of COVID and this pandemic, there may be another solution, even though we think we are on solid ground that today was unlawful, given the fact that just about every court reporting agency in the country is now able to do virtual depositions. Perhaps at the conclusion of the case, the court may want to think about remanding it back down, even if it denies our argument on the merits, but the fact that it's costing the expense of an out-of-state deposition may be moved, now the fact that depositions are done daily, virtually. So as to the case, the reason why it may not take 10 minutes, the facts are not in this case. The case was the plaintiff filed an action pro se in the western district of Arkansas. Counsel, before you move on, I want to just ask a little out of order bit. I didn't want you to jump into the case about 10 seconds early, but here's the problem I'm having. I know we appointed you and we had you brief the jurisdictional issues, and what I've noticed is I think there might be a jurisdictional problem with this case, which is the following. My understanding is the plaintiff here, Robert Devine, filed two motions. One was objections to the motion for the stay, and the other was motion for relief from the magistrate's order, and those had objections to the magistrate judge's R&R, the report and recommendation. We have case law that says when the district court has failed to act on objections to the R&R, we've lacked jurisdiction because there has been no final order of the district court, and I read those as being objections, and we searched the record through and through, and we could not find a single instance in which the district court actually addressed those objections. I know I'm hitting you out of the blue with this, but I'm just wondering if you have a reaction based on your knowledge of the record. My knowledge of the record is the district court did not. My knowledge of record, the district court's limited ruling was the fact that it made the ruling that the appeal was non-frivolous and it allowed to go forward. I'm not so sure that the court ever made a ruling as to any objections to the report and recommendation of the magistrate judge. Well, and I'll ask opposing counsel. I do think that that potentially presents a jurisdictional problem for us because of our case law suggesting that under 1291, we have to have a final decision, but I appreciate your candor on that. Thank you, and sorry to interrupt your argument. You want to ask opposing counsel now, or do you want me to continue? No, no, no, no, no. I'm going to ask him during this time. Sorry, I should have clarified it. Okay, so what we have here, and in our case on the merits, we believe it's an appealable issue under the Bushel case and the Carmichael case cited. Yes, this is an interlocutory order, which is perhaps getting back to your issue about jurisdiction, but I think even with that jurisdictional question, this case is still appealable at this point in time. There's three prongs that the United States Supreme Court stated that addresses when an interlocutory appeal is, in essence, a final order, and I think those are very well stated in Bushel, and I think they're right on here. One of them is the order must conclusively determine the disputed question. That's unquestionable. The question is there's a state granted in this case that the case will not be litigated until sometime perhaps as early as 2024, but there's no limit on how long the case may be stayed. The order must resolve an issue that is separate from the merits of the action. Clearly, this stay order has nothing to do with the underlying merits of the case, which is was the treatment by plaintiff violated, did it violate his constitutional right as he was treated in the Miller County Jail? The third one, the order must be effectively unreviewable on appeal from a final judgment, and that's exactly what we have here. The stay order is really, if this court doesn't entertain the stay order, it'll never have a chance to be reviewed on appeal because interlocutory orders, yes, are appealed at the finality of the case if there's an appeal, but that's, by then, this issue is moved, right? The case won't be over until 2024 at the earliest, and then if we went and said, look, the court shouldn't have stayed the case from 2018 to 2024, that's another issue because the case was already stayed. We believe under that, those three prongs, that this case is appealable at this time. And also going into the Carmichael case, which is another Eighth Circuit opinion, again, they thought that case was regarding the district court's ability to hold a case open for 90 days while the plaintiff went in the state court to exhaust his remedies. Again, Carmichael stated the same three prongs that I just mentioned in Bushell, and it came to the conclusion that in that situation, the district court was not allowed to stay the proceedings for 90 days. That stay was not on the merits of the action, which is true, and there would be no appropriate review of that order except for treating that interlocutorial interlocutory order as final and appealable. Again, we think that the Carmichael and the Bushell clearly are Eighth Circuit cases, and they take care of that. The merits of the stay, we believe that there is no way that the cost of one out-of-town deposition is sufficient enough to stay a case for six years. And as I stated in the beginning of the case, that may be a little bit moot now because of the ability to perform a virtual deposition. I will save the reigning time for my rebuttal. All right. Thank you. Counsel, we're prepared to hear from you. Thank you, ma'am. Please, the court. My name is Colin Jorgensen. I'm counsel for the appellees Walker, Runyon, and Sanders, and I'm the one who filed the motion to stay that was granted by the magistrate judge and affirmed by the district court and is the order that's the subject of this appeal. It seems like we are focused. The court asked us to brief two questions, appealability and then the merits of the stay that was entered. We seem to be focused on the appealability question today, especially with Judge Strauss, your comments. Before we perhaps spend all the time on that, I do want to acknowledge Mr. Siewiecki's comments about how circumstances have changed, and I actually planned to say that myself, even if he didn't. I agree that the analysis would be different today because I think I probably would not have traveled to Texas today for this deposition. We still have to pay for it and figure out how to arrange it with the Texas prison, and we never even got that far the first time, but if we find a way, when this case reopens, I think I can get his deposition done at this point, whether it's because the stay is lifted or the stay is reversed for some reason here, and I would add Mr. Siewiecki has done a great job as appointed counsel, and he's been a pleasure to work with. I wanted to make sure I say that, and also I think I might have jumped the gun a little bit on the motion to stay here. It may have been more appropriate to ask for an extension of the discovery deadline, which was only about a week and a half away when I filed the motion. I wasn't going to be able to get the deposition done at that point, but I could have asked for an extension, got it done, moved past the discovery deadline, so discovery is closed, and there can be no argument that there's any more evidence that needs to come out or anything if we're going to later stay the case. It is true that Mr. Devine got all of his discovery. He has all the records. Everything's preserved. The arguments about the harm to him would remain the same, really, but we could then proceed to summary judgment. This is an excessive force case. If his testimony is similar to what he's written in his pleadings, I'm probably not going to be able to file a summary judgment motion in this case, or if I am able to, in good faith, it's likely to be denied, and then at that point, it's time to set this case for a jury trial, but Mr. Devine is still incarcerated in Texas, and I think then a stay on the merits would be perfectly appropriate at that phase of the case. A lot of the cases we've discussed, including the Reese case, which is the one I relied most on from this same district court, that's the procedural posture that case was in when the stay was entered, and I think that there's a bit of an error on the merits because the standard that the magistrate judge used in our case, the seven factors, that's the standard for the Reese stay. That's the standard for a stay because you're ready to go to trial, a jury trial, but you can't get this plaintiff who's in prison in another state, and maybe it's a little different than this earlier stay, and so if you get to the merits, which I don't think you will, but if you do, I think the right thing to do is to just acknowledge that maybe the wrong standard was used here and give the lower court a sort of a second chance, and I'm probably not going to file that motion to stay again right away. I think because of my ability to take a deposition now with court reporters and everybody knowing how to do things remotely, but I think it's important that if there's a reversal here, it not operate to prevent a stay when the case gets to that place if it gets there, if summary judgment's not granted, if it doesn't resolve in some other way, settlement or otherwise, and we're on the cusp of setting a jury trial for the first time, I'm probably going to be inclined to file another motion to stay and do the right analysis then, and I think that a stay then would be, Mr. Ciewecki might even agree that a stay at that would be proper. So let me just make sure I'm reading you correctly. I do want to get to the jurisdictional issue, but you're almost conceding that the district court, not the district court, because I don't know the district court ever acted, but the magistrate judge applies a wrong standard, erred in granting the stay perhaps, at least at this stage. Well, I think actually the stay would be proper under the correct standard, but I think that seven-factor test that the magistrate judge outlined is more, you can tell by reading the factors, they contemplate that you're about to go to trial, not that you're in an earlier phase of the case before discovery is closed or at any other phase of the case, and so there's always been a bit of a disconnect there. I do think the magistrate judge could have reached the same conclusion within the court's discretion applying the right standard, and so, you know, right result for the on the merits if he gets the merits. But I think you're right, Judge Strauss, that the jurisdictional problem ends this case. I'm not prepared either about the issue of ingray specifically. I can give you the dates and the timing of what happened procedurally if that's helpful for you. Well, let me ask you that. So let me ask you this. I'm going to kind of step through it sort of like I did with opposing counsel. So we have cases that say when a district court has failed to act on a magistrate judge's report and recommendation, that is that we lack jurisdiction because we don't have jurisdiction over magistrate judge reports. We only have jurisdiction over district court reports, and there's a statutory and a rule-based duty that the district court respond to any objections lodged by Mr. Devine here, and I read two papers as being objections taken together, which is motion for relief from magistrate order and objections to the motions for the stay. Do you read them the same way? I mean, together, he's sort of saying, hey, I think there's a problem with the stay, and here are the reasons why. Yes, I mean, I think you could certainly characterize it that way. You know, I think that when you've got a pro se inmate plaintiff, you liberally construe what they're saying, and so it may not be necessary to take that harsh of a reading of it. The district court didn't seem to think, the district court's order comes much later after the notice of appeal has already been filed, so it's clearly not a, it's not addressing the initial R&R, and you're right that there is no district court order ruling on the recommendation from the magistrate judge technically, but I think in substance, the district court adopts the magistrate's recommendation, affirms the stay, and both administratively terminated the case. That came in response, though, not to the magistrate's order, but to those pleadings, to subsequent pleadings from Mr. Devine, so I think as a procedural matter, you're correct, and it could be, I guess that would warrant, well, that would mean the appeal needs to be dismissed for lack of jurisdiction. Well, that's my question. In light of all this sort of, and I'm not speaking for anybody but myself, no one else in the panel. We obviously still need to discuss this, but I wonder whether the best disposition is to dismiss the appeal since you're taking the position that you're not even in, that the state may have been a little back to the district court. Well, but if the appeal is dismissed and that is it, there's no opinion or anything, there's no reversal, then the stay's still in place. That's true, although the district court would then have to act presumably on the objections that have been filed, which would reopen it. Okay, yeah, that makes sense, and I mean, I will maintain the same candor with the district court if we get into a procedural situation where we're talking again about the propriety of a stay, I think at this point I will suggest I don't need a stay to be able to take his deposition right now, but I don't want to waive the opportunity if we get to the place where discovery's closed. There's not going to be summary judgment in this case. It cannot be resolved on the paper by the court. We have to have a jury trial, and Mr. Devine is still incarcerated in Texas. Now it's a problem for district court to figure out if it can bring him to Arkansas for this trial, and I think there's plenty of authority for a district court to stay a case in that posture at that point, and so I may ask for another stay at that juncture. I don't want to mislead you into thinking that I wouldn't. If it seems proper, I'll probably file that motion again then, but I don't have any intention of vigorously demanding an ongoing stay right now to avoid this deposition. I'm prepared to discuss other topics, but I'm also prepared to leave a little time on the clock and let Mr. Sawecki have his rebuttal. All right, well thank you, and we will return for about a minute of rebuttal. Thank you, your honor, and thank you for opposing counsel for the candor that she presented today. I understand that based upon this jurisdictional question you have, however, this juncture, since everything is briefed, we have some new set of facts because of the pandemic. I think, you know, even in this case, we talk about the courts having the ability to control their dockets. I think remanding this case for the sole purpose of having the judge rule on the report and recommendation, and in light of the fact that the defense counsel might not even make the same request, I think to some extent that might be a waste of judicial resources, but I respect this court's time. I respect the district court and the magistrate's time, and on that one, I would not have, I don't think I'd even have standing to really object to that, and that would simply, then I would have to ask the court to allow me to withdraw from representing Mr. Devine because I was appointed to represent him on these two issues in the league circuit, and I was not appointed to represent him in the district. I'm finished. Thank you. Thank you, your honor. All right, any more questions for either of the attorneys? All right, well, I see none, and I thank you both for your arguments here this afternoon, and we will take the matter under advisement. Thank you, your honors. Thank you. Ms. Clerk, does that conclude our argument calendar for